OPINION
{¶ 1} Defendant-appellant, Jerry T. Britton, appeals the August 11, 2004 judgment and sentencing of the Court of Common Pleas, Auglaize County, Ohio. The trial court sentenced Britton to the maximum prison term available, five years. Britton had previously been convicted of Gross Sexual Imposition in 1995 in Allen County, Ohio, for sexually abusing his three-year-old daughter.
 {¶ 2} On March 24, 2004 law enforcement officers responded to a call concerning a domestic dispute at the Valleyview Apartments located in the City of Wapakoneta, Auglaize County, Ohio. A women reported that she had discovered that a man who was living with her was a registered sex offender, and that he refused to leave her apartment after she confronted him with her discovery. Police arrived at the apartment and found the defendant, who identified himself as Jerry Britton. The female in the home then showed the police Britton's listing as a registered sex offender on the Allen County website. She was concerned because she had two young children who stayed with her on the weekends. Although he initially denied that he was, in fact, a sex offender, Britton later admitted his status as a convicted sex offender.
 {¶ 3} Britton had previously been sentenced to six months imprisonment for a probation violation on September 29, 2003. He was granted judicial release on November 26, 2003 and was placed on community control sanctions, at which time he indicated that he was living in Lima, Allen County, Ohio. On March 18, 2004 he registered, indicating that his current address was at 1113 Roush Road in Lima. However, the female Britton had been living with told police that he had been living with her since February 29, 2004.
 {¶ 4} The Grand Jury indicted Britton on one count of Failure to Register as a Sex Offender in violation of R.C. 2950.04(E) and2950.99(A)(1)(a)(i), a felony of the third degree, and one count of Failure to Register a Change of Address, in violation of R.C. 2950.05(E)(2) and 2950.99(A)(1)(a)(i), a felony of the third degree. At a pretrial hearing on June 4, 2004 Britton pled not guilty to the charges in the Indictment.
 {¶ 5} Britton then negotiated a plea agreement, and at a hearing on June 29, 2004 he pled guilty to count I of the indictment, Failure to Register as a Sex Offender. The remaining count was dropped.
 {¶ 6} At the sentencing hearing on August 11, 2004, the trial court followed the State's recommendation and sentenced Britton to a maximum prison term of five years pursuant to R.C. 2929.14. It is from this judgment and sentence that Britton now appeals, asserting the following assignment of error:
The trial court committed prejudicial error when it failed to properlyfollow the sentencing criteria set forth in Ohio Revised Code, Section2929.14 resulting in the defendant-appellant receiving a sentence whichis contrary to law.
 {¶ 7} When making a sentencing determination, the trial court is required "to make various findings before properly imposing a felony sentence." State v. Alberty (Mar. 28, 2000), Allen App. No. 1-99-84, unreported, 2000 WL 327225. We review the sentencing decision of a trial court to determine whether the court's findings are supported by the record, and we may not substitute our judgment for the trial court's without clear and convincing evidence of one of the four errors described in R.C. 2953.08. State v. Martin (1999), 136 Ohio App.3d 355, 361. "[T]he trial court's findings under R.C. 2929.03, 2929.04, 2929.11,2929.12, 2929.13, and 2929.14 . . . determine a particular sentence . . . [and] a sentence unsupported by those findings is both incomplete and invalid." Id.
 {¶ 8} Pursuant to R.C. 2929.14(B), the trial court was required to sentence Britton to "the shortest prison term authorized for the offense," one year for a third degree felony pursuant to R.C.2929.14(A)(3), unless it determined that he was serving or had previously served a prison term, that the shortest prison term would demean the seriousness of the offender's conduct, or that the shortest term would not adequately protect the public from future harm. R.C. 2929.14(B)(1) (2); see also State v. Jones (2001), 93 Ohio St.3d 391, 398. Additionally, because the trial court imposed the maximum prison sentence for the offense the court was required to make certain findings pursuant to R.C. 2929.14(C). That section states, in relevant part:
Except as provided in division (G) of this section or in Chapter 2925.of the Revised Code, the court imposing a sentence upon an offender for afelony may impose the longest prison term authorized for the offensepursuant to division (A) of this section only upon offenders who committedthe worst forms of the offense, [and] upon offenders who pose thegreatest likelihood of committing future crimes[.]
R.C. 2929.14(C). Moreover, when making the factual determinations required by R.C. 2929.14, the trial court is required to consider the seriousness and recidivism factors promulgated in R.C. 2929.12(B), (C), (D), and (E). Martin, 136 Ohio App.3d at 362, quoting State v. Hess
(May 13, 1999), 10th Dist. App. No. 98AP-983, unreported.
 {¶ 9} In the instant case, the trial court made all of the necessary findings on the record at the sentencing hearing. The court noted Britton's past history of criminal convictions, including the previous offense for which he was required to register as a habitual sexual offender, as well as various other theft offenses. The court noted that Britton was on judicial release after being imprisoned for a probation violation. Accordingly, the court was permitted to impose a prison sentence above the minimum one-year term for third degree felonies based on the finding that Britton had previously served a prison term.
 {¶ 10} Moreover, based on this criminal history and the specific circumstances of this offense — the fact that Britton had failed to register and had put himself in a position to be around young children — the court found that "the offense was committed under circumstances extremely likely to recur." The court also noted Britton's past convictions for failure to register as a sex offender, and determined, after examining the presentence investigation report and Britton's criminal history, that Britton poses the greatest likelihood of committing future crimes. The court found that this was "demonstrated by [Britton's] repeated pattern of failing to register here and as demonstrated by this PSI by prior offenses." Accordingly, the trial court was permitted to impose the maximum prison term pursuant to R.C.2929.14(C).
 {¶ 11} Furthermore, our review of the record illustrates that the trial court properly utilized the factors in R.C. 2929.12 in determining that Britton posed the greatest likelihood of recidivism. The trial court determined that the Britton's actions were more serious than conduct normally constituting the offense, and the record supports this conclusion. The victims of this offense suffered psychological harm from learning that this person found to be a habitual sex offender had been in close proximity to her young daughters. R.C. 2929.12(B)(2). Additionally, the age of the children exacerbated the seriousness of the offense. R.C. 2929.12(B)(1). Finally, the trial court is permitted to consider "any other relevant factors," and in the instant case the court concluded that Britton "failed to register under circumstances where he was surreptitiously arranging opportunities to be living with, near and around small children." These factors indicate that Britton had committed a more serious form of the offense.
 {¶ 12} A review of the record also supports the trial court's conclusion that Britton was likely to recidivate. Britton committed the offense while under judicial release. R.C. 2929.12(D)(1). He had previously been adjudicated a delinquent child for a sex offense against a seven year old girl. R.C. 2929.12(D)(2). Based upon his repeated convictions for failure to register and failure to register a change of address, and based upon Britton's repeated unwillingness to truthfully discuss his past sexual offenses, the court concluded that Britton had not been rehabilitated to a satisfactory degree. R.C. 2929.12(D)(3). Moreover, none of the factors in R.C. 2929.12(E) indicated that he was not likely to recidivate.
 {¶ 13} Accordingly, based on the foregoing, the record supports the trial court's findings pursuant to R.C. 2929.14(B) (C). Therefore, the court was permitted to impose the maximum prison term for the offense. Britton's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Bryant, J., concur.